**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

William Scheidweiler, Appellant,

v.

Donna Angel Maria Phoenix, Respondent.

Appellate Case No. 2017-001011

_____

Appeal From Charleston County
Alice Anne Richter, Family Court Judge

_____

Unpublished Opinion No. 2018-UP-036
Submitted December 21, 2017 – Filed January 22, 2018

_____

**AFFIRMED**

_____

John Lawrence Duffy, III, and Abigail Scudder Duffy, both of Duffy Law Firm, LLC, of North Charleston, for Appellant.

Mary Patricia Crawford, of Walterboro, for Respondent.

Suzanne E. Groff, of Charleston, as the Guardian ad Litem.

_____

**PER CURIAM:** William Scheidweiler (Father) appeals the family court's order denying the termination of parental rights (TPR) of Donna Angel Maria Phoenix

(Mother) to her minor son (Child).  Father argues the family court erred in finding he failed prove (1) Mother willfully failed to visit Child, (2) Mother willfully failed to support Child, and (3) TPR was in Child's best interest.  We affirm.[1]

On appeal from the family court, this court reviews factual and legal issues de novo.  *Simmons v. Simmons*, 392 S.C. 412, 414-15, 709 S.E.2d 666, 667 (2011); *see also Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011).  Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, which saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony.  *Lewis*, 392 S.C. at 385, 709 S.E.2d at 651-52.  The burden is upon the appellant to convince this court the family court erred in its findings.  *Id.* at 385, 709 S.E.2d at 652.

The family court may order TPR upon finding one or more of twelve statutory grounds is satisfied and TPR is in the best interest of the child.  S.C. Code Ann. § 63-7-2570 (Supp. 2017).  The grounds for TPR must be proved by clear and convincing evidence.  *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999).

First, we find Father did not show by clear and convincing evidence Mother willfully failed to visit Child.  *See* S.C. Code Ann. § 63-7-2570(3) (Supp. 2017) (providing a statutory ground for TPR is met when "[t]he child has lived outside the home of either parent for a period of six months, and during that time the parent has [willfully] failed to visit the child.  The court may attach little or no weight to incidental visitations, but it must be shown that the parent was not prevented from visiting by the party having custody or by court order").  The 2013 order limited Mother's visitation to written communication; Mother sent care packages containing cards, cash, articles of clothing, toys, crayons, coloring books, and other gifts almost every month following the 2013 order.  Although the 2013 order provided for additional visitation if Mother elected to undergo psychotherapy, the order permitted Mother to make the decision to pursue additional visitation.  We find Mother visited Child according to the terms of visitation the family court granted to her.  Accordingly, we find clear and convincing evidence does not show Mother willfully failed to visit Child.

Second, we find Father did not show by clear and convincing evidence Mother willfully failed to support Child.  *See* S.C. Code Ann. § 63-7-2570(4) (Supp. 2017)

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

(providing a statutory ground for TPR is met when a child has lived outside the home of the parent for six months and the parent has willfully failed to support the child). The 2013 order provided Mother's Social Security disability auxiliary benefits would satisfy her responsibility to pay child support. Following the 2013 order, Mother (1) contacted the Social Security Administrative Office to learn how to change the representative payee, (2) traveled to New York to meet with Father to change the representative payee in person, and (3) sent a certified letter to the Social Security Administrative Office requesting a suspension in auxiliary benefits. During this same time, Father made no effort to become Child's representative payee. Although Mother did not ask to suspend the auxiliary support until September 2015, there was evidence to show Mother used the auxiliary support she received in support of Child, specifically in Child's care packages. Moreover, the parties stipulated to a document that stated the Social Security Administration Office requires the new representative payee appear in person to effect a change; thus, the responsibility to effectuate the representative payee change belonged to Father. Accordingly, we find clear and convincing evidence does not show Mother willfully failed to support Child.

Finally, we find TPR is not in Child's best interest. *See S.C. Dep't of Soc. Servs. v. Roe*, 371 S.C. 450, 454, 639 S.E.2d 165, 168 (Ct. App. 2006) ("In a [TPR] action, the best interest of the child is the paramount consideration."). Father, Father's brother, and the Guardian ad Litem (GAL) all testified Child has done well since the issuance of the final custody order in 2013. Although Mother's contact with Child is limited, Child still reaps the benefit of this limited contact in the form of care packages and cards. Further, the GAL did not believe Mother's current level of contact was harmful to Child. Because Child would not achieve any more permanency or stability through TPR of Mother and because testimony establishes Child is happy, healthy, and well-settled, we find Child's best interest would be served by maintaining the current situation which has had positive results for Child over the last three years. Accordingly, we find TPR is not in Child's best interest.

**AFFIRMED.**

**WILLIAMS, THOMAS, and MCDONALD, JJ., concur.**